IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

TRENT D.,
     Plaintiff,

v.
                                              Civil No. 3:24cv860 (DJN)

FRANK BISIGNANO,
Commissioner of the
Social Security Administration,
     Defendant.

## FINAL MEMORANDUM ORDER
### (Adopting Report and Recommendation)

In this action, Plaintiff Trent D. ("Plaintiff") seeks review of the Commissioner of the

Social Security Administration's (the "Commissioner" or "Defendant") decision to deny his Title

II application for disability insurance benefits. This matter comes before the Court on Plaintiff's

Objections to the Report and Recommendation submitted by United States Magistrate Judge

Summer L. Speight on February 2, 2026 (ECF No. 19 (the "R&R"), which recommends that

Plaintiff's Motion for Summary Judgment (ECF No. 12) be denied, Defendant's Motion for

Summary Judgment (ECF No. 17) be granted and the final decision of the Commissioner be

affirmed. (ECF No. 20 ("Objection").) For the reasons set forth below, the Court OVERRULES

Plaintiff's Objection and therefore DENIES Plaintiff's Motion for Summary Judgment (ECF No.

12), GRANTS Defendant's Motion for Summary Judgment (ECF No. 17) and ADOPTS the

Report and Recommendation of the Magistrate Judge (ECF No. 19).

## I.     PROCEDURAL HISTORY

On February 17, 2026, Plaintiff filed his Objection (ECF No. 20), raising a single

objection to Judge Speight's R&R. Plaintiff argues that Judge Speight erred in concluding that

the Administrative Law Judge (the "ALJ") properly reconciled medical opinion evidence from his consultative examination with a clinical psychologist, Dr. Faye Romano, with the ALJ's determination of Plaintiff's Residual Functioning Capacity ("RFC"). (Objection at 1.)

On February 23, 2026, the Commissioner filed his Response to Plaintiff's Objection. (ECF No. 21 ("Response").) No reply was filed, and the time to do so has elapsed. Plaintiff's Objection therefore stands ripe for the Court's review.

## II.    STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition that a party has properly objected to. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). The court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting its *de novo* review, the district court analyzes the Commissioner's final decision by the same standard as the Magistrate Judge:  the Court must determine whether the ALJ's factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citations omitted). In reviewing for substantial evidence, a court may not "re-weigh

2

conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.*

## III.   ANALYSIS

After conducting its *de novo* review of the administrative record and considering Plaintiff's Objection and Motion for Summary Judgment, the Court finds the R&R well-reasoned and supported by the record and applicable law.  The Court briefly discusses Plaintiff's Objection, which essentially restates one of Plaintiff's allegations of error in his Motion for Summary Judgment, before providing its reasoning for overruling this objection and adopting the R&R without modification.

Plaintiff's Objection centers on what he alleges to be the ALJ's failure to properly reconcile medical opinion evidence with her determination of Plaintiff's RFC.  In support, Plaintiff cites the findings by Dr. Faye Romano, who concluded that Plaintiff would not have difficulty "performing simple and repetitive tasks, with supervision." (R&R at 17 (citing R. at 328, 25).)  In Plaintiff's telling, Dr. Romano's findings "impl[y] he would have difficulty performing [such tasks] absent supervision" and therefore demonstrate the need for a limitation of his ability to function in the workplace to situations with direct supervision.  (Objection at 1.) Paired with the RFC's conclusion that Plaintiff can only interact with supervisors occasionally, Plaintiff asserts that the ALJ's failure to impose a limitation based on his need for supervision (and her determination that Plaintiff can "work on a fulltime basis") thus constituted error, and that Judge Speight erred in affirming it. (*Id.* at 1–2.)  Relatedly, Plaintiff argues that the ALJ erred on the basis that she found Dr. Romano's opinion persuasive, but then failed to include any restriction related to Dr. Romano's purported recommendation for supervision despite the opinion's persuasiveness. (*Id.* at 2.)  Further, Plaintiff asserts that Judge Speight incorrectly

3

found that the ALJ's RFC limitation encompassed Dr. Romano's findings with regard to Plaintiff's need for supervision, asserting that the ALJ "never properly explained away" Dr. Romano's findings concerning this issue. (*Id.* at 3.)

In her R&R, Judge Speight addressed Plaintiff's similar assertion of error on summary judgment and found it without merit, for three reasons. First, Judge Speight found that, even though Dr. Romano opined that Plaintiff would not have difficulty performing certain tasks with supervision, that opinion "did *not* state, as Plaintiff suggests, that Plaintiff would need *extra* or *special* supervision, as opposed to regular or normal supervision." (R&R at 18.) Second, Judge Speight emphasized that the ALJ finding Dr. Romano's opinion persuasive "does not require that any particular restriction be enumerated" in the RFC, given the ALJ's duty to "synthesize *many* medical opinions, as well as Plaintiff's subjective statements and the record as a whole in arriving at an appropriate RFC determination." (*Id.* (citing *Joetta G. v. Kijakazi*, No. 4:20-cv-133, 2021 WL 8086712, at *10 (E.D. Va. Aug. 6, 2021), *report and recommendation adopted*, 2021 WL 4130514 (E.D. Va. Sept. 8, 2021)) (internal quotations omitted) (cleaned up).) Finally, Judge Speight found that, to the extent that Dr. Romano's opinion required a "with supervision" limitation, the ALJ's RFC determination already accounted for and incorporated such a limitation. (*Id.* at 18–19.)

The Court agrees with Judge Speight's findings and overrules Plaintiff's Objection for reasons similar to those set forth in the R&R. As a threshold matter, the Court questions Plaintiff's reading of Dr. Romano's opinion as requiring a "with supervision" limitation in his RFC. (Objection at 1.) Having examined the underlying record, the Court concludes that Dr. Romano's central finding in the relevant sentence reflects her belief that Plaintiff stands capable of performing simple and repetitive tasks in a work setting. (R. at 328.) While Plaintiff correctly

4

observes that Dr. Romano included the words "with supervision" in this context, the Court agrees with Judge Speight's conclusion that nothing about this wording suggests that Plaintiff would require constant supervision or any degree of supervision beyond what is normal in any subordinate position. Nor does this ordinary degree of supervision conflict with Plaintiff's limited ability to "interact with supervisors [only] occasionally," as Plaintiff suggests, since jobs involving simple and repetitive tasks presumably require only a limited amount of interaction with a supervisor. (Objection at 1–2).

Further, the Court agrees with Judge Speight's finding that the ALJ was not required to enumerate any particular restriction in the RFC simply because she found Dr. Romano's report persuasive. Plaintiff's Objection and the provisions cited therein fail to undermine Judge Speight's correct conclusion, based on this Court's case law, that no such obligation exists. (Objection at 2; R&R at 18.) Rather, as Judge Speight correctly pointed out, an ALJ necessarily must synthesize many opinions in arriving at an appropriate RFC determination — including, ideally, more than one *persuasive* opinion — along with the record as a whole. (Objection at 2.) While Plaintiff seeks to rebut Judge Speight's finding by asserting that the ALJ's opinion "violates SSR 96-8p directly, which states '[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted,'" that claim lacks merit where, as here, the RFC fails to conflict with Dr. Romano's opinions. (*Id.*)

Finally, the Court rejects Plaintiff's argument that the RFC fails to account for Dr. Romano's finding that Plaintiff could "perform[] simple and repetitive tasks, with supervision." (*Id.* at 3; R&R at 18.) As Judge Speight highlights, the ALJ concluded that Plaintiff could "understand, remember, and carry out *simple, routine instructions* in a low stress work environment." (R&R at 18 (citing R. at 23).) The ALJ defined low stress to mean "no-assembly

line work, no more than occasional changes to the routine work setting, *little independent decision making*, and *no responsibility* for the safety of others." (R. at 23 (emphasis added).) The references to "simple" and "routine" tasks, the lack of "independent decision making" and the absence of "responsibility" limit Plaintiff to simple, routine work performed without independent decision-making or supervisory responsibilities, which necessarily places him in a subordinate role subject to ordinary workplace supervision. Accordingly, the RFC captures the functional limitation reflected in Dr. Romano's opinion that Plaintiff could perform simple and repetitive tasks with supervision. The Court also finds that the ALJ adequately explained her basis for her RFC determination, discussing the broad range of sources that informed her opinions and the relative weights she ascribed to these sources. (R. at 26-27.) As such, the Court finds that the ALJ applied correct legal standards and that substantial evidence supports the ALJ's conclusions. The Court overrules Plaintiff's Objection accordingly.

6

## IV.   CONCLUSION

Having reviewed the record *de novo*, the Court finds that the Commissioner's final decision was supported by substantial evidence and that the ALJ employed the correct legal standards in reaching that decision.  Therefore, the Court hereby ORDERS that:

1.  The Report and Recommendation of the Magistrate Judge (ECF No. 19) is ACCEPTED and ADOPTED as the OPINION of the Court;

2.  Plaintiff's Motion for Summary Judgment (ECF No. 12) is hereby DENIED;

3.  Defendant's Motion for Summary Judgment (ECF No. 17) is hereby GRANTED;

4.  The decision of the Commissioner is hereby AFFIRMED; and

5.  This case is now CLOSED.

Let the Clerk file this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____

David J. Novak
United States District Judge

Richmond, Virginia
Dated:  March 19, 2026

7